IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF
MISSISSIPPI, EASTERN DIVISION

ERIC ANTHONY                                                    PLAINTIFF

V.                                                              CAUSE NO. _____

LAMAR COUNTY, SHERIFF DANNY RIGEL
AND JOHN DOES 1-10                                             DEFENDANTS

> SOUTHERN DISTRICT OF MISSISSIPPI
> **F I L E D**
> AUG 0 2 2017
> ARTHUR JOHNSTON
> BY_____ DEPUTY
>
> 2:17cv131-KS-MTP

## COMPLAINT
### Jury Trial Demanded

COMES NOW, Plaintiff, by and through counsel and files this, his Complaint
against the Defendants and states the following:

1.       Plaintiff is an adult resident citizen of Lamar County, Mississippi.

2.       Defendant Lamar County is a political subdivision of the State of Mississippi
which may be served with process through the President of the Board of Supervisors,
Purvis, Mississippi.  Defendant Lamar County operates and maintains a law enforcement
agency known as the Lamar County Sheriff's Department. At all times pertinent to this
cause of action, said Defendant acted under color of law.

3.       Defendant Danny Rigel is an adult resident citizen of Lamar County, Mississippi.
At all times hereto, Defendant Rigel was the Sheriff of Lamar County, Mississippi.  As
the Sheriff of Lamar County, Defendant Rigel was at all times material hereto under a
duty to run Sheriff Department jail activities in a lawful manner so as to protect the
inmates of the County of Lamar and to preserve to all inmates the rights, privileges and
immunities guaranteed and secured to them by the Constitution of the United States and
its laws.  At all pertinent times, Defendant Rigel was acting by virtues of his position as
Sheriff of the Lamar County Sheriff's Department and acting under the color of law.
Defendant Rigel is sued individually and in his official capacity as the Sheriff of Lamar

County.

4.      Venue lies with this Court pursuant to 28 U.S.C. §1391, as all the Defendants are residents of this district and all the acts or omissions which give rise to this cause of action occurred within this district.   Jurisdiction lies with this Court as to the Lamar Defendants pursuant to federal question jurisdiction, 28 U.S.C. §1331, 28 U.S.C. §1343 (1) (2) (3) (4), 42 U.S.C. §1983, §1988, the Thirteenth and Fourteenth Amendments of the Constitution of the United States of America and under federal law, particularly the Civil Rights Acts stated above at 42 U.S.C.§ 1983. Rigel is now and at all times pertinent to this action, duly employed, duly appointed and/or a duly elected official empowered to police Lamar County, Mississippi.

5.      This cause of action arises out of an incident that occurred on December 16, 2016.

6.      Lamar County, through the Board of Supervisors and Sheriff Rigel, used and continue to use inmates to operate a garbage truck for the benefit of Lamar County, Mississippi.  On December 16, 2016, Plaintiff was an inmate of Lamar County Jail. The Jail is operated under the authority of Lamar County and Rigel is in charge of said jail.

7.      Plaintiff was not convicted of the crimes he was charged on said date.  However, he was ordered to work on the County garbage truck to pick up residential and commercial refuse and waste.

8.      Plaintiff was not provided any training, safety or emergency action information, for him to be used as unpaid labor on said garbage truck.  Instead, Plaintiff was used as an indentured servant and labor on the garbage truck without his consent.

9.      While being forced to work, Plaintiff was struck by another automobile and severely injured as an indentured servant.

10.     Defendants showed a deliberate indifference to the known risk to Plaintiff being injured while being used as an indentured servant on the garbage truck.  Defendants knew and disregarded the risk to Plaintiff's health and well being by forcing him to work on the garbage truck.

11.     After being injured, Plaintiff now has one leg amputated.  He has received and will continue to receive medical care, pain and suffering, loss of wage earning capacity and lost wages due to his injuries.

12.     During his hospitalization, Defendants advised Plaintiff he was no longer in their custody and refused to pay for or provide him medical care.

13.     Pursuant to Miss. Code Ann. §§ 47-1-57-59, Defendants were bound to provide medical care, costs and return Plaintiff to the original place of detention after discharge from medical care.  Instead, Defendants violated the Constitutional rights of Plaintiff and he was damaged.

14.  Defendant Lamar County, Defendant Rigel, and Defendant Sheriff's Department actions and inactions are a direct and proximate cause of the injuries and damages Plaintiff, which include the following:

(A) Private and public humility, embarrassment and lingering feelings of shame;

(B) Emotional trauma and lingering feelings of guilt;

(C) Mental shock and anxiety;

(D) Inability to function in the workplace as he had before;

(E) Extreme fears that the Defendants would continue to seriously injure him;

(F) Lost income and loss of wage earning capacity;

(G) Past present and future medical expenses;

(H) Past, present and future physical pain and suffering;

(I) False and imprisonment of his person as indentured servant;

17.   Defendant Lamar County, Defendant Rigel, and Defendant Sheriff's committed the aforementioned actions and/or omissions under the color of law; and virtue of their authority as law enforcement officials of the Lamar County Sheriff's Department, they substantially deprived the Plaintiff of the clearly established rights, privileges and immunities guaranteed to him by the Thirteenth and Fourteenth Amendments to the United States Constitution.   The Defendants' actions were all in violation of 42 U.S.C. §1983 and §1988 including, but not limited to:

(A) Freedom from unreasonable us of him as forced labor;

(B) Freedom from the use of, unjustified denial of medical care;

(C) Freedom from arbitrary government actions which are so outrageous as to shock the conscience of a civilized society;

(D) Freedom of equal protection of the law;

(E) Freedom from the deliberate indifference to his serious medical needs;

(F) Reckless disregard after knowing the substantial risk of harm and injury to an inmate/prisoner; and

(G) Other acts to be shown in discovery and at trial.

15.   The Defendants' conduct was unjustified and unreasonable and shocks the conscience of a civilized society and constitutes the use of labor in violation of the rights secured to the Plaintiffs by the Thirteenth Amendment of the United States Constitution and in violation of 42 U.S.C. §1983.

16.    The Defendants' conduct toward the Plaintiff was arbitrary and shocking to the conscience. Further, the Defendants' conduct was deliberately indifferent and displayed reckless disregard to the substantive due process liberty interests of the Plaintiff in violation of the rights secured to the Plaintiff under the Fourteenth Amendment of the United States Constitution and in violation of 42 U.S.C. §1983.

17.    The conduct of the Defendants was intentional, willful, wanton, reckless and so egregious and outrageous as to entitle the Plaintiffs to an award of punitive damages.

18.    The Plaintiff is entitled to all relief granted by statute pursuant to 42 U.S.C.§ 1983, and 1988 et seq., including monetary damages, punitive damages, attorneys' fees and all costs of bringing this action.

WHEREFORE PREMISES CONSIDERED, the Plaintiff prays for a judgment against the Defendants, as follows:

(A) Compensatory damages in the amount of Six Million Dollars for Plaintiff;

(B) Punitive damages in the amount of Ten Million Dollars for Plaintiff;

(C) Reasonable attorney's fee;

(D) Prejudgment interest; and

(E) And for all such further relief, both general and specific, to which the Plaintiff may be entitled under the premises.

The Plaintiff respectfully demands a trial by jury on all issues so triable.

THIS, the _____ day of _____, 2017.

Eric H. Anthony, PLAINTIFF

BY:   GAMMILL MONTGOMERY, PLLC

_____

TOBY J. GAMMILL (MSB#100367)

OF COUNSEL:
GAMMILL MONTGOMERY, PLLC
221 Sunnybrook Road, Ste. B
Ridgeland, Mississippi  39157
Tel:   (601) 487-2300
Fax:   (601) 420-2426
Email: toby@gammillmontgomery.com
*Attorney for Plaintiff*