# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**ERIC ANTHONY**　　　　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**

**v.**　　　　　　　　　　　　　**CIVIL ACTION NO. 2:17-CV-131-KS-MTP**

**LAMAR COUNTY,** *et al.*　　　　　　　　　　　　　　　　　　　**DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **grants** Defendants' Motions for Judgment on the Pleadings [6, 8].

## I. BACKGROUND

Plaintiff alleges that Defendants forced him to work on a Lamar County garbage truck without training or remuneration while he was a pretrial detainee. In his words, he "was used as an indentured servant . . . ." He alleges that an automobile struck and severely injured him while he was working, causing the amputation of a leg, pain and suffering, lost wage-earning capacity, lost wages, and medical bills. Finally, he alleges that Defendants advised him while he was hospitalized that he was no longer in their custody, and that they refused to pay for or provide medical care.

Plaintiff filed this lawsuit against Lamar County and Sheriff Danny Rigel in his individual and official capacities. He asserted claims under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. He may have also asserted claims under state law, insofar as he alleged that Defendants violated specific Mississippi statutes. Defendants filed two Motions for Judgment on the Pleadings [6, 8]. Plaintiff did not respond to the motions, and they are ripe for the Court's review.

## II. STANDARD OF REVIEW

A "motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

## III. MOTION FOR JUDGMENT ON THE PLEADINGS AS TO STATE-LAW CLAIMS [6]

Defendants argue that any state-law tort claims asserted by Plaintiff are barred by the Mississippi Tort Claims Act ("MTCA"). The MTCA codified the common-law sovereign immunity of Mississippi and its political subdivisions. MISS. CODE ANN. § 11-46-3(1). It "provides the exclusive remedy against a governmental entity or its

2

employees" under Mississippi law. *Covington County Sch. Dist. v. Magee*, 29 So. 3d 1, 4 (Miss. 2010). But the MTCA's waiver of sovereign immunity is subject to certain conditions, restrictions, and limitations.

## A.     *Claims against Lamar County and Rigel in His Official Capacity*

### 1.     *Notice of Claim*

First, Defendants argue that Plaintiff's tort claims are barred because he failed to provide notice as required by the MTCA. The statute provides that "any person having a claim under this chapter shall proceed as he might in any action at law or in equity, except that at least ninety (90) days before instituting suit, the person must file a notice of claim with the chief executive officer of the governmental entity." MISS. CODE ANN. § 11-46-11(1). The Mississippi Supreme Court "strictly applies the ninety-day-notice requirement . . . ." *Gorton v. Rance*, 52 So. 3d 351, 358 (Miss. 2011). It "is a hard-edged, mandatory rule," *id.*, that applies "equally to cases in which no notice is filed, notice is filed after the complaint, or the complaint is filed sooner than ninety days after filing notice." *Brown v. Southwest Miss. Reg'l Med. Ctr.*, 989 So. 2d 933, 936 (Miss. Ct. App. 2008).

Here, Defendants represented in briefing that Plaintiff provided a notice of claim on May 11, 2017.[1] Therefore, pursuant to MISS. CODE ANN. § 11-46-11(1), he was not allowed to file suit until August 9, 2017. However, he filed the Complaint on August

---

[1]The record contains no copy of the notice of claim or affidavit concerning its service. Likewise, Plaintiff did not plead any facts concerning service of the notice of claim.

3

2, 2017 – before the ninety-day period had expired. Therefore, his state tort claims against Lamar County and Sheriff Rigel in his official capacity are barred because he failed to comply with the MTCA's notice requirement.

*2. Inmate Exception*

Defendants also argue that Plaintiff's claims are barred by the MTCA's "inmate exception," which provides:

> (1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
>
> * * *
>
> (m) Of any claimant who at the time the claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution, regardless of whether such claimant is or is not an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution when the claim is filed.

MISS. CODE ANN. § 11-46-9(1)(m). This exemption from the MTCA's waiver of sovereign immunity applies to both pretrial detainees and convicted inmates. *See Liggans v. Coahoma County Sheriff's Dep't*, 823 So. 2d 1152, 1155 (Miss. 2002).

All of Plaintiff's claims appear to arise from events which occurred while he was a pretrial detainee and, therefore, an "inmate" within the meaning of MISS. CODE ANN. § 11-46-9(1)(m). In fact, Plaintiff specifically alleged that Defendants violated MISS. CODE ANN. §§ 47-1-57 and 47-1-59, which both relate to the provision of medical care to prisoners. Therefore, Plaintiff's state-law tort claims against Lamar County and Sheriff Rigel in his official capacity are barred by the MTCA's "inmate exception."

4

## B. *Claims against Rigel in His Individual Capacity*

The MTCA provides that "no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties." MISS. CODE ANN. § 11-46-7(2). Plaintiff alleged in his Complaint [1]: "At all pertinent times, Defendant Rigel was acting by virtues [sic] of his position as Sheriff of the Lamar County Sheriff's Department and acting under the color of law." Therefore, Plaintiff's claims against Defendant Rigel in his individual capacity are barred by the MTCA.

## IV. MOTION FOR JUDGMENT ON THE PLEADINGS AS TO FEDERAL CLAIMS [8]

Defendant Rigel argues that Plaintiff has not alleged sufficient facts to satisfy the heightened pleading standard which applies when a public official raises qualified immunity as a defense. Accordingly, Rigel argues that the Court should require Plaintiff to file a reply pursuant to Rule 7(a). *See* FED. R. CIV. P. 7(a)(7).

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009). "Although nominally a defense, the plaintiff has the burden to negate the defense once properly raised." *Poole v. Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012).

Qualified immunity can be raised at either the pleading or summary judgment stage of litigation. When it is raised at the pleading stage, "[h]eightened pleading" is required. *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999). The plaintiff must provide

5

"allegations of fact focusing specifically on the conduct of the individual who caused the plaintiffs' injury." *Id.* Plaintiffs must "rest their complaint on more than conclusions alone and plead their case with precision and factual specificity." *Nunez v. Simms*, 341 F.3d 385, 388 (5th Cir. 2003). In other words, a "plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Backe v. Leblanc*, 691 F.3d 645, 648 (5th Cir. 2012).

The plaintiff "cannot be allowed to rest on general characterizations, but must speak to the factual particulars of the alleged actions, at least when those facts are known to the plaintiff and are not peculiarly within the knowledge of defendants." *Schultea v. Wood*, 47 F.3d 1427, 1432 (5th Cir. 1995). If a plaintiff does not provide sufficient factual detail as to an individual defendant, the Court "may, in its discretion, insist that a plaintiff file a reply tailored to an answer pleading the defense of qualified immunity." *Reyes*, 168 F.3d at 161; *see also Schultea*, 47 F.3d at 1430-32.

Here, Plaintiff alleged that Defendant Rigel was the Sheriff of Lamar County, Mississippi, and that he was acting within the course and scope of his employment at all relevant times. Complaint at 1, *Anthony v. Lamar County*, No. 2:17-CV-131-KS-MTP (S.D. Miss. Aug. 2, 2017), ECF No. 1. Plaintiff alleged that Rigel's "actions and inactions" proximately caused his injuries. *Id.* at 3. But he did not plead any specific facts concerning Rigel's alleged actions and inactions, or his personal involvement in

the events surrounding his injury, beyond a general allegation that Lamar County, through Rigel, "used and continue to use inmates to operate a garbage truck for the benefit of Lamar County, Mississippi." *Id.* at 2.

The Court orders Plaintiff to file a reply pursuant to Rule 7(a)(7) that specifically addresses the "factual particulars" of Defendant Rigel's alleged actions and inactions. *Schultea*, 47 F.3d at 1432. Plaintiff must provide "allegations of fact focusing specifically on" Rigel's conduct. *Reyes*, 168 F.3d at 161. Plaintiff should allege sufficient facts to raise a genuine issue of fact as to each of his claims against Defendant Rigel.

Plaintiff shall file the reply within two weeks of the entry of this order. Failure to do so will be deemed purposeful delay and/or contumacious conduct which could result in the dismissal of Plaintiff's federal claims against Defendant Rigel without further notice.

## V. CONCLUSION

For these reasons, the Court **grants** Defendants' Motions for Judgment on the Pleadings [6, 8]. Plaintiff's state-law claims against Lamar County and Defendant Danny Rigel in both his official and individual capacities are dismissed. The Court also orders Plaintiff to file a Rule 7(a)(7) reply tailored to answer Defendant's assertion of qualified immunity within two weeks of the entry of this order – no later than **November 2, 2017**.

SO ORDERED AND ADJUDGED this 19th day of October, 2017.

s/Keith Starrett
UNITED STATES DISTRICT JUDGE
